IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, | ) | |
| | ) | |
| Plaintiff, | ) | CV. NO. 06-00437 DAE-BMK |
| | ) | |
| vs. | ) | AMENDED ORDER DENYING |
| | ) | DEFENDANT DEY, INC.'S |
| ABBOTT LABORATORIES, INC.; | ) | MOTION FOR LEAVE TO FILE |
| ALPHARMA USPD, INC.; | ) | SUPPLEMENTAL NOTICE OF |
| APOTHECON, INC.; | ) | REMOVAL |
| ASTRAZENECA | ) | |
| PHARMACEUTICALS LP; | ) | |
| ASTRAZENECA LP; AVENTIS | ) | |
| PHARMACEUTICALS, INC.; | ) | |
| AVENTIS BEHRING LLC n/k/a/ | ) | |
| ZLB BEHRING LLC; BARR | ) | |
| LABORATORIES, INC.; BAXTER | ) | |
| HEALTHCARE CORPORATION; | ) | |
| BAYER CORPORATION; BEN | ) | |
| VENUE LABORATORIES, INC.; | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC.; | ) | |
| BOEHRINGER INGELHEIM | ) | |
| ROXANE, INC. f/k/a ROXANE | ) | |
| LABORATORIES, INC.; BRISTOL- | ) | |
| MYERS SQUIBB CO.; | ) | |
| CENTOCOR, INC.; DEY, INC.; | ) | |
| FOREST PHARMACEUTICALS, | ) | |
| INC.; GLAXOSMITHKLEIN | ) | |
| PHARMACEUTICALS, | ) | |
| HOFFMAN-LAROCHE, INC.; | ) | |
| HOSPRIA, INC.; IVAX | ) | |
| CORPORATION, INC.; IVAX | ) | |
| PHARMACEUTICAL, INC.; | ) | |
| JANSSEN PHARMACEUTICAL | ) | |
| PRODUCTS, LP; JOHNSON & | ) | |

| | |
|---|---|
| JOHNSON, INC.; MCNEIL-PPC, INC.; MERCK & CO., INC.; MYLAN LABORATORIES, INC.; MYLAN PHARMACEUTICALS, INC.; NOVARTIS PHARMACEUTICALS CORPORATOIN; ORTHO BIOTECH PRODUCTS, LP; PAR PHARMACEUTICAL COS., INC.; PFIZER, INC.; PHARMACIA CORPORATION; ROCHE LABORATORIES, INC.; PUREPAC PHARMACEUTICAL CO.; SANDOZ, INC.; SCHERING-PLOUGH CORPORATION; SICOR PHARMACEUTICALS, INC. f/k/a/ GENSIA SICOR PHARMACEUTICALS, INC.; TAP PHARMACEUTICAL PRODUCTS, INC.; TEVA PHARMACEUTICALS USA, INC.; WARRICK PHARMACEUTICALS CORPORATION; WATSON PHARMACEUTICALS, INC.; WATSON PHARMA INC., f/k/a SCHEIN PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; DOE CORPORATIONS 1-100; DOE ENTITIES 1-100. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

# ORDER DENYING DEFENDANT DEY, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL NOTICE OF REMOVAL

Defendant Dey, Inc. ("Dey") seeks leave to file a supplemental notice of removal in order to add a new substantive basis for removal, namely, that the federal government's service upon Dey of a recently unsealed *qui tam* complaint pursuant to the federal False Claims Act, 31 U.S.C. § 3729-32 (2000) (FCA) made this case removable under 28 U.S.C. §§ 1441 and 1446(b).  After careful consideration of the Motion and the submissions and arguments of counsel, the Motion is hereby DENIED.  This Motion is futile because the new substantive basis for removal is without merit.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff State of Hawaii ("the State") filed this action in the Circuit Court of the First Circuit of Hawaii on April 27, 2006, alleging that Defendants "engage[d] in an unlawful scheme to cause Hawaii and its citizens to pay inflated prices for prescription drugs." (Pl.'s Mem. Sup. Mot. 5-6.)  Specifically, the State claims that Defendants published phony "average wholesale prices" ("AWPs") and engaged in other deceptive acts that led to overpayments by both the State Medicaid program and individual Medicare beneficiaries in Hawaii.  The State

alleges that these actions violated the Hawaii False Claims Act, the Hawaii Unfair or Deceptive Practices Act, and constituted common law intentional and/or negligent misrepresentation and unjust enrichment.  The State alleges no federal causes of action.

Defendants filed a notice of removal on August 10, 2006.  Defendants assert in this notice of removal that federal jurisdiction exists because the Medicare-based claims raise a substantial federal question.  The State filed a motion to remand on August 25, 2006.  A hearing on the remand motion was scheduled for October 12, 2006.  During the evening of October 11, Defendant Dey filed the present Motion, asking the Court for leave to file a supplemental notice of removal.

Dey asserts that an additional basis for removal arose on September 11, 2006 after it had already filed its original notice of removal on August 10.  This new ground claimed by Dey was the unsealing of <u>Ven-A-Care of the Florida Keys, Inc. ex. rel. United States v. Dey, Inc.</u>, Civ. No. 05-11084-MEL (D. Mass. filed August 22, 2006) (unsealed Sept. 9, 2006).  The suit is a federal *qui tam* action brought on behalf of the United States by Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care") alleging that by reporting inflated AWPs, Dey violated the FCA.  Dey now argues that the FCA provides an additional, independent basis for

jurisdiction that will allow it to remove this case to federal court.

At the hearing on October 12, the Court requested that the parties brief Dey's Motion. The State's Answer was submitted on October 18, and Dey's Reply was submitted October 19. A hearing was held on October 20, 2006.

## LEGAL STANDARD

Cases filed in state court may be removed to federal district court when the district courts have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a) (2000).[1] District courts of the United States have original subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). District courts also have supplemental jurisdiction over related claims and parties. See, e.g., 28 U.S.C. § 1367(a) (2000). Supplemental jurisdiction does not provide a basis for removal. Sygenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34 (2002) (holding that "[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441"); Ahearn

---

[1] Section 1441(a) provides, in part, that "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

v. Charter Township of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996).

Even where original jurisdiction does exist, certain procedural requisites must be met in order to remove a case. Specifically, where the case is not initially removable, the defendant must file a notice of removal in the appropriate district court "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (2000).

Where these procedural requisites are not met, or where the district court lacks subject matter jurisdiction, the case must be remanded to state court. See 28 U.S.C. § 1447(c) (2000). The removal statue is strictly construed in favor of remand and there is a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant "always has the burden of establishing that removal is proper." Id.

DISCUSSION

Dey moves the Court for leave to supplement its notice of removal to include the Ven-A-Care FCA complaint as an additional, newly-arisen basis for removal. However, an attempt to remove the case on this new ground would be

6

both procedurally and substantively defective. Procedurally, Dey's notice of the Ven-A-Care suit does not meet the "order or other paper" requirement of § 1446(b). Substantively, the Ven-A-Care suit still does not provide the Court with the original subject matter jurisdiction required for removal under § 1441(a). Because Dey will not ultimately be able to remove the case on this new ground it asserts, it would be futile to allow Dey to supplement its notice of removal.

## I.  PROCEDURAL ISSUES: § 1446(b)

### A. Supplementing a Notice of Removal

A defendant may only remove a case within thirty days of receipt of the initial pleading or an "order or other paper" that indicates the case is removable. 28 U.S.C. § 1446(b). After the expiration of the thirty day period, a defendant is generally not allowed to amend the notice to add new grounds for removal. Arco Envtl. Remediation v. Dep't of Health and Envtl. Quality, 213 F.3d 1108, 1117 (9th Cir. 2000). However, where a new ground for removal arises during the pendency of the litigation, some courts have allowed the notice of removal to be supplemented to set forth the newly-arisen ground even after the expiration of the thirty-day time period. See Davis v. Life Investors Ins. Co. of America, 214 F.Supp.2d 691, 694 (S.D. Miss. 2002). That is precisely what Dey

seeks to do here.

Dey argues that the Ven-A-Care FCA suit created a new ground for removal and that Dey should be permitted to supplement its notice of removal to include the new ground.[2] In this unique situation, Dey will not be procedurally barred from supplementing its notice of removal if it is able to meet the other procedural and jurisdictional requisites for removal.

B.  Relation Back

Dey argues not only that it should be allowed to supplement its notice of removal, but that this supplemented notice of removal should relate back to its original notice of removal under Federal Rule of Civil Procedure 15(d).  Federal Rule of Civil Procedure 15(c) provides that an amendment or supplementation of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." F.R.C.P. 15(c).

---

[2]The State does not seriously contest Dey's motion on this particular issue.  It merely argues, in a footnote, that the motion should be denied "because of Dey's undue delay in filing it." (Pl.'s Mem. Opp. 2-3 n.1.)  Because Dey filed the motion to supplement within thirty days of receiving notice of the Ven-A-Care FCA suit, however, the motion was not untimely.

Dey's supplemental notice of removal will not relate back to the original notice of removal. First, Dey provides no support for the proposition that a notice of removal constitutes a "pleading" within the meaning of Rule 15(c). In fact, Rule 7 of the Federal Rules of Civil Procedure indicates that "pleading" is a limited term:

> There shall be a complaint and an answer; a reply to a counterclaim denonminated as such; an answer to a cross-claim; a third-party complaint . . . and a third party answer, if a third-party complaint is served. No other pleading shall be allowed . . . ."

F.R.C.P. 7(a).

Second, even if a notice of removal were considered a pleading, the "claim or defense" asserted in Dey's supplement would not "ar[i]se out of the conduct, transaction or occurrence" asserted in its original notice of removal. See F.R.C.P. 15(c). The "claim or defense" that Dey now seeks to assert is its claim that the service of the Ven-A-Care FCA complaint created a new ground for jurisdiction that did not previously exist. In fact, it is only because Dey is asserting a "claim or defense" based on a new occurrence that Dey is not barred from supplementing its original notice of removal under the general rule prohibiting the amendment of removal notices. Dey's supplemental notice of removal, if allowed, will not relate back to its original removal notice.

## C. "Order or Other Paper"

Because Dey's supplemental notice of removal will not relate back to its original notice of removal, Dey's new notice of removal must be able to independently meet the procedural requirements of 1446(b). Section 1446(b) allows a defendant to file a notice of removal only after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b). Dey contends that its receipt of the Ven-A-Care FCA complaint (or alternatively, the order unsealing the Ven-A-Care complaint) constituted just such a "receipt . . . of an . . . order or other paper," § 1446(b). While there may well be some instances in which a pleading or decision in a different case can meet the "other paper or order" requirement, this is not such an instance.

Generally, the "order or other paper" requirement of 1446(b) is met only by "documents generated within the state court litigation," Rose v. Beverly Health & Rehabilitation Services, Inc., 2006 WL 2067060 (E.D. Cal. 2006). According to the State, because the Ven-A-Care complaint and the order unsealing it are documents filed outside of the state case, they do not constitute an "order or other paper."

Dey, however, urges the Court to apply a narrow exception to this

general rule.  Specifically, Dey asks the Court to follow two cases that have held external documents involving a sufficient nexus of parties and issues to be "order or other paper" for the purposes of 1446(b): <u>Doe v. American Red Cross</u>, 14 F.3d 196 (3d Cir. 1993) and <u>Green v. R.J. Reynolds Tobacco Co.</u>, 274 F.3d 263 (5th Cir. 2001).  In <u>Doe</u>, a Supreme Court decision in a related case constituted an "order" where the decision expressly authorized that very same defendant to remove all actions against it to federal court. 14 F.3d at 201.  In <u>Green</u>, a federal Court of Appeals decision in a related case also constituted an "order" where it involved the same defendants, a similar factual situation, the same legal issue, and precluded the defendants in <u>Green</u> from being sued under Texas law.  274 F.3d at 263. Even though the decision in the related case in <u>Green</u> did not specifically address removal, as had the related Supreme Court decision in <u>Doe</u>, the <u>Green</u> court reasoned that its effect was the same: it prohibited suit against the defendant in state court.  <u>Id.</u>  The federal forum was the only remaining available forum.  <u>See id.</u>

    That is not the case here.  While the Ven-A-Care complaint does involve the same defendant, and arguably involves similar factual situations and legal issues, it does nothing to prohibit suit against Dey in state court.  Nor does the order unsealing the Ven-A-Care complaint prohibit suit against Dey in state

11

court in any way. Thus, even under Doe and Green, neither the Ven-A-Care complaint nor the order unsealing it would constitute an "order or other paper" for the purposes of § 1446(b).[3] Because the requirements of § 1446(b) are not met, the case is not removable and Dey's attempt to supplement the notice of removal would be futile.

## II. JURISDICTIONAL ISSUES: §1441(a)

In addition to failing procedurally under § 1446(b), Dey's attempt to supplement its notice of removal would also fail substantively under § 1441(a). Under § 1441(a), cases filed in state court may only be removed if the federal district court has "original jurisdiction" over the matter. § 1441(a). Dey argues that the Ven-A-Care suit, by invoking the FCA, gives the Court the necessary original jurisdiction. Dey contends that whenever a plaintiff sues under the FCA, 31 U.S.C. § 3732(b) automatically grants to federal courts original jurisdiction over related suits by state government.

Specifically, § 3732(b) states:

> The district courts shall have jurisdiction over any action brought under the laws of any State for the recovery of funds paid by a State

---

[3] Moreover, it is questionable whether a complaint constitutes an order in the same way a decision of a United States Court of Appeals or the United States Supreme Court does.

or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.

§ 3732. Dey contends that the "jurisdiction" referred to in the statute is actually "original jurisdiction." Therefore, Dey argues, § 3732 gives the district courts original jurisdiction over this case because the Ven-A-Care action was brought under § 3730, because this case is brought by a state government, and because the action arguably arises from the same transaction or occurrence as the Ven-A-Care action.[4]

Dey's arguments are not persuasive. As the State demonstrates, the language, legislative history, and context of § 3732(b) all indicate that it grants the district courts not original jurisdiction, but supplemental jurisdiction.

First, the language of § 3732(b) indicates that the jurisdiction it confers is dependent, not independent. Federal jurisdiction under § 3732(b) exists

---

[4] Dey also makes the novel argument that regardless of whether original jurisdiction is directly conferred on the district courts by § 3732(b), it is indirectly conferred on them by 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Dey contends that because the False Claims Act is a law of the United States, and because § 3732(b) provides the State with the ability to intervene in the Ven-A-Care case, that the state case now arises under the laws of the United States just as if the State had alleged a federal cause of action against Dey.

Putting aside the tautological nature of this argument, common sense and basic principles of statutory construction dictate that Dey's argument must be false. If Dey is correct, then all grants of supplemental jurisdiction would also simultaneously be grants of original jurisdiction. Even the supplemental jurisdiction statute itself, 28 U.S.C. § 1367, would grant original jurisdiction under Dey's construction of § 1331. This is obviously incorrect, and Dey did not pursue this argument at the hearing.

13

only where there is another independent action separately grounded in the original jurisdiction.  Section 3732(b) does not stand on its own, but serves only to add jurisdiction for related actions: in short, it exists to supplement the original jurisdiction the district courts have over suits brought directly under the FCA.

Second, the legislative history of § 3732(b) supports the conclusion that it allows – but does not force – states to intervene in FCA actions.  This section was added at the urging of the National Association of the State Atttorney's General, and was intended to "allow[] State . . . governments to join State law actions with False Claims Act actions brought in Federal district court."  S. Rep. No. 345, 99th Cong., 2nd Sess., at 16 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5281.  Similarly, courts interpreting the FCA have recognized that the purpose of § 3732(b) is to authorize "permissive intervention by states for recovery of state funds."  SCS Business & Technical Inst., Inc., 173 F.3d, 870, 880 (D.C. Cir. 1999). Without § 3732(b), states would be barred from intervening in FCA actions by §3730(b)(5).  Id.  It seems unlikely that § 3732(b) was ever intended to be able to force states into a federal forum without alleging any federal causes of action.

Third, the broader context of Congressional action further supports the conclusion that § 3732(b) gives district courts supplemental, not original, jurisdiction.  Had Congress wanted to create original jurisdiction, it would have

used the words "original jurisdiction." as it has in numerous other places.  See, e.g., 15 U.S.C. 6614( c)(1) ("the district courts of the United States shall have original jurisdiction of any Y2K action that is brought as a class action"); 5 U.S.C. § 9007 (stating that "district courts of the United States shall have original jurisdiction" over long-term care insurance claims); 12 U.S.C. § 1441(a)(11) ("any civil action, suit, or proceeding to which the Thrift Depositor Protection Oversight Board is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction").[5]

The language, legislative history, and context all indicate that § 3732(b) does not grant the district courts original jurisdiction over related claims brought by state governments.  Rather, it grants them only supplemental jurisdiction.  Because supplemental jurisdiction cannot be a basis for removal, Sygenta Crop Protection, Inc., 537 U.S. at 34, the Ven-A-Care suit does not provide Dey with an additional substantive basis for removing this case.  Dey's motion to amend its notice of removal on this ground would be futile.

---

[5] Furthermore, it makes sense that Congress did not use the term "supplemental jurisdiction" in § 3732(b), since it was not until 1990 that the various pre-existing types of supplemental jurisdiction was codified as "supplemental jurisdiction" by 28 U.S.C. § 1367. Section 3732(b) was passed in 1986, four years before this change in the way supplemental jurisdiction was approached.

## CONCLUSION

For the foregoing reasons, Dey's Motion is hereby DENIED on the grounds of futility.

IT IS SO ORDERED.

DATE: Honolulu, Hawaii, October 27, 2007



   /s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

State of Hawaii v. Abbot Labs., Inc.; AMENDED ORDER DENYING DEFENDANT DEY, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL NOTICE OF REMOVAL; CV No. 06-00437 DAE-BMK.                    16