IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STATE OF HAWAII,                    )
                                    )
            Plaintiff,              )        CV. NO. 06-00437 DAE-BMK
                                    )
      vs.                           )        AMENDED FINDING AND
                                    )        RECOMMENDATION THAT
ABBOTT LABORATORIES, INC.;          )        PLAINTIFF STATE OF HAWAII'S
ALPHARMA USPD, INC.;                )        MOTION TO REMAND BE
APOTHECON, INC.;                    )        GRANTED
ASTRAZENECA                         )
PHARMACEUTICALS LP;                 )
ASTRAZENECA LP; AVENTIS             )
PHARMACEUTICALS, INC.;              )
AVENTIS BEHRING LLC n/k/a/          )
ZLB BEHRING LLC; BARR               )
LABORATORIES, INC.; BAXTER          )
HEALTHCARE CORPORATION;             )
BAYER CORPORATION; BEN              )
VENUE LABORATORIES, INC.;           )
BOEHRINGER INGELHEIM                )
PHARMACEUTICALS, INC.;              )
BOEHRINGER INGELHEIM                )
ROXANE, INC. f/k/a ROXANE           )
LABORATORIES, INC.; BRISTOL-        )
MYERS SQUIBB CO.;                   )
CENTOCOR, INC.; DEY, INC.;          )
FOREST PHARMACEUTICALS,             )
INC.; GLAXOSMITHKLEIN               )
PHARMACEUTICALS,                    )
HOFFMAN-LAROCHE, INC.;              )
HOSPRIA, INC.; IVAX                 )
CORPORATION, INC.; IVAX             )
PHARMACEUTICAL, INC.;               )
JANSSEN PHARMACEUTICAL              )
PRODUCTS, LP; JOHNSON &             )

JOHNSON, INC.; MCNEIL-PPC,          )
INC.; MERCK & CO., INC.;             )
MYLAN LABORATORIES, INC.;            )
MYLAN PHARMACEUTICALS,               )
INC.; NOVARTIS                       )
PHARMACEUTICALS                      )
CORPORATOIN; ORTHO                   )
BIOTECH PRODUCTS, LP; PAR            )
PHARMACEUTICAL COS., INC.;           )
PFIZER, INC.; PHARMACIA              )
CORPORATION; ROCHE                   )
LABORATORIES, INC.; PUREPAC )
PHARMACEUTICAL CO.;                  )
SANDOZ, INC.; SCHERING-              )
PLOUGH CORPORATION; SICOR            )
PHARMACEUTICALS, INC. f/k/a/         )
GENSIA SICOR                         )
PHARMACEUTICALS, INC.; TAP           )
PHARMACEUTICAL PRODUCTS,             )
INC.; TEVA                           )
PHARMACEUTICALS USA, INC.;           )
WARRICK PHARMACEUTICALS              )
CORPORATION; WATSON                  )
PHARMACEUTICALS, INC.;               )
WATSON PHARMA INC., f/k/a            )
SCHEIN PHARMACEUTICALS,              )
INC.; WATSON LABORATORIES,           )
INC.; DOE CORPORATIONS 1-            )
100; DOE ENTITIES 1-100.             )
                                     )
            Defendants.              )
_____ )

FINDING AND RECOMMENDATION THAT PLAINTIFF STATE OF HAWAII'S MOTION FOR REMAND BE GRANTED

Before the Court is Plaintiff State of Hawaii's Motion for Remand. After careful consideration of the Motion, memoranda, and arguments of counsel, the Court herebey FINDS & RECOMMENDS that Plaintiff's Motion be GRANTED.

BACKGROUND

Plaintiff  State of Hawaii (the "State") filed this action in the Circuit Court of the First Circuit of Hawaii, alleging that Defendants "engage[d] in an unlawful scheme to cause Hawaii and its citizens to pay inflated prices for prescription drugs." (Pl.'s Mem. Supp. Mot. 5-6.)  Specifically, the State claims that Defendants published phony "average wholesale prices" ("AWPs") and engaged in other deceptive acts that led to overpayments by both the State Medicaid program and Medicare beneficiaries in Hawaii.  The State alleges that these actions violated the Hawaii False Claims Act, the Hawaii Unfair or Deceptive Practices Act, and constituted common law intentional and/or negligent misrepresentation and unjust enrichment.

The State filed its original Complaint on April 27, 2006.  No Defendant was served with the Complaint prior to July 21, 2006.  However, on May 25, Defendants Schering-Plough Corporation ("Schering Plough") and its subsidiary Warrick Pharmaceuticals Corporation ("Warrick") served the State with a Notice of Deposition.

Defendants removed this case to federal court on August 10, 2006.  On September 12, 2006, a Conditional Transfer Order for this case was filed by the Judicial Panel on Multidistrict Litigation to transfer the case to the District of Massachusetts for consolidated pretrial proceedings with a number of similar cases.  (Defs.' Mem. Opp. Mot. Ex. A.)

The State now moves for remand for lack of subject matter jurisdiction and untimely filing of the notice of removal.


LEGAL STANDARD

District courts of the United States have original subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2000).  Generally, the plaintiff can only invoke this federal question jurisdiction by pleading a cause of action created by federal law.  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S.

4

308, 125 S.Ct. 2363, 2366 (2005).

In certain cases, however, federal question jurisdiction exists even absent a federal cause of action.  Id. at 2366-67.  Federal courts have subject matter jurisdiction over state law claims that "implicate significant federal issues."  Id. at 2367.  Under Grable, significant federal issues are implicated when the state law claims (1)"necessarily raise a stated federal issue," (2) which are "actually disputed and substantial," (3) and which "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id.  In Grable, the meaning of a federal tax provision that implicated the government's ability to satisfy its claims from the property of delinquents constituted a significant federal issue sufficient to create federal jurisdiction.  Id. at 2368.  A significant federal issue did not exist, however, where a state law tort claim involved an allegation that a drug company had violated a federal branding law.  Merrell Dow Pharm., Inc. v. Thomson, 478 U.S. 804 (1986).

When a case involving a federal question is originally filed in state court, the defendants may remove it to federal court.  28 U.S.C. § 1441(b).  Removal notices must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28

U.S.C. § 1446(b).

Where removal is not proper, the case must be remanded to state court.  See 28 U.S.C. § 1447(c) (2000).  The removal statue is strictly construed in favor of remand and there is a "strong presumption against removal."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The defendant "always has the burden of establishing that removal is proper."  Id.


DISCUSSION

The State moves for remand of this case on two grounds: first, that the notice of removal was untimely; second, that the Court lacks subject matter jurisdiction over this case.  Although the State's first argument fails, its second argument prevails.  This case does not implicate federal issues significant enough for this court to exercise subject matter jurisdiction.


I.  TIMELINESS

To be timely, a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).  A defendant's right to remove is

triggered only by formal process, "not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). On its face, Defendants' removal action is timely. The notice of removal was filed on August 10, 2006, less than thirty days after the first Defendant was formally served on July 21.

Nonetheless, the State argues that by serving it with a deposition notice, Schering Plough and Warrick constructively waived service. The State further argues that this waiver of service started the thirty-day removal period for all Defendants, and that therefore the notice of removal was untimely because it was filed more than thirty days after the first Defendant allegedly waived service.

The State's argument fails for two reasons. First, it is not enough for a defendant to constructively waive service. Under Murphy Bros., a defendant must "agree[] to waive service" in order to start the thirty day removal period. 526 U.S. at 348. There was no such agreement to waive service here.

Second, even if one of the Defendants had agreed to waive service, the thirty day removal period would not have commenced. The only United States Court of Appeals to explicitly address the issue since Murphy Bros. held that under Murphy Bros., the thirty day removal period only begins after the last defendant is served. See Marano Enter. of Kansas v. Z-Teca Rests., 254 F.3d 753, 757 (8th Cir.

2001).  The last-served rule has similarly been followed by Ninth Circuit district courts since <u>Murphy Bros.</u>.  <u>See, e.g.</u>, <u>Tomlinson Black North Idaho v. Kirk-Hughes</u>, 2006 WL 1663591 (D. Idaho June 8, 2006).  Because the last Defendant had not even been formally served by August 10, Defendants' notice of removal was timely filed under § 1446(b).


## II.  FEDERAL QUESTION JURISDICTION

The State also moves for remand on the grounds that the Court lacks subject matter jurisdiction over this case.  Here, the State prevails.

Defendants seek to remove this case based on the narrow, but long-standing exception that certain cases implicate federal issues significant enough for federal courts to exercise jurisdiction over them although no federal claims or causes of action are stated.  Defendants argue that Hawaii's claim to recover Medicare Part B co-payments on behalf of Hawaii Medicare Part B beneficiaries is just such a case, and that "it requires the resolution of issues of federal law under the Medicare statutes and regulations."  (Notice of Removal 7.)  In particular, Defendants argue that "[t]he meaning of AWP under the Medicare statute is in dispute and will determine whether the State can succeed on its theory of the case."  (Defs.' Mem. Opp. 14.)

Whether the meaning of AWP under the Medicare statute actually does implicates a significant federal issue is governed by <u>Merrell Dow</u> and the three-part test of <u>Grable</u>.  Here, it is not disputed that the state law claims meet the threshold requirement of  "necessarily rais[ing] a stated federal issue," <u>Grable</u> 125 S.Ct. 2368.  What Defendants bear the burden of showing here is (1) that the meaning of AWP in the Medicare statute is "actually disputed and substantial," <u>id.</u>, and (2) that this is the type of case that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," <u>id.</u>  Any doubts will be resolved in favor of remand.  <u>Gaus</u>, 980 F.2d at 566.

### A.  <u>"Actually Disputed and Substantial"</u>

Defendants are unable to meet their burden of showing that the meaning of the Medicare provisions at issue are either actually disputed or substantial enough to create federal jurisdiction.  First, and most importantly, Defendants fail to show that determining the meaning of AWP is  "substantial" under <u>Grable</u> and <u>Merrell Dow</u>.   Defendants argue that because Medicare is "an entirely federal program," the  federal courts "have a special responsibility to entertain claims on behalf of Medicare beneficiaries."  (Defs.' Mem. Opp. Mot. 17-

18.)  Additionally, they argue, "inconsistent determinations of what AWP was

understood to mean under the Medicare statute in these various cases could create

collateral confusion and inconsistencies in the administration of federally

supported Medicaid programs." (Defs. Mem. Opp. Mot. 18-19.)

Defendants' position receives some support from Judge Saris' recent

ruling in  State of Arizona v. Abbot Laboratories, Inc., MDL No. 1456, Civ. No.

01-12257-PBS (D. Mass. Oct. 24, 2006). In State of Arizona, Judge Saris

concluded that the meaning of AWP is substantial because (1) "[t]he government

has a strong national interest in prohibiting fraud upon medicare beneficiaries

because fraudulent acts threaten Medicare's integrity"; (2) how AWP is interpreted

will greatly effect the Medicare litigants in Arizona and also in other states; and,

(3) determining the meaning of AWP "directly impacts the viability and

effectiveness of the federal Medicare program."  MDL No. 1456, Civ. No. 01-

12257-PBS, Slip Opinion at 8-9.

The State, however, contends that it cannot be the case that mere

construction of a federal statute, by itself, is sufficient to create federal jurisdiction.

If it were, the State argues, "then any time the interpretation of a federal statute

arises in the context of a state law claim, federal jurisdiction would exist."  (Pl.'s

Reply 5.)  Moreover, the State argues, the issue is not substantial because AWP is

no longer the standard for reimbursement under Medicare.

The State prevails, Judge Saris' recent ruling notwithstanding.   Just like the claims in Merrell Dow, these are state law tort claims that rest in part on a federal standard.  This is a far different set of facts than in Grable, where the ability of the Internal Revenue Service to enforce the tax code through tax liens was at issue.  Here, the resolution of the meaning of AWP will have little effect on the future viability of the Medicare program since the AWP standard has been abandoned.  While it may well be the case that the meaning of AWP is a substantial issue for the parties, it is no longer a substantial issue for the federal government.

Moreover, while Congress's failure to create exclusive federal jurisdiction for cases involving improper notice in tax foreclosure actions might well be attributed to oversight, the same cannot be said for the failure to create exclusive federal jurisdiction for violations of the Medicare statute.  In other words, if Congress had thought that AWP and other Medicare provisions implicated a substantial federal interest, it could have ensured that only federal courts would hear such cases.  It did not.

Second, in addition to failing to show that the meaning of "AWP" is "substantial," Defendants also fail to show that the meaning of AWP is "actually

11

disputed."  Defendants argue that the meaning of AWP is disputed because "there is evidence that Congress understood that AWPs did not represent the actual cost providers paid for the drugs . . . ." (Defs.' Mem. Opp. 15.)  However, they neither produce evidence to this effect, nor do they even articulate a possible alternative meaning for "average wholesale price."  While the meaning of AWP may be nominally disputed by Defendants, they have not shown that it is actually disputed.

This is the same conclusion reached, albeit for slightly different reasons, in Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc., 2005 U.S. Dist. LEXIS 19967 (E.D. Penn. 2005) (holding that "[t]he term 'average wholesale price' is not 'actually disputed' because the Commonwealth does not premise its claim on the construction of these words as they appear in the applicable Medicare statute and regulations) and Texas v. Abbot Laboratories., Inc. 2005 U.S. dist. LEXIS 42434 (W.D. Tex. 2005) (holding that "[i]t is clear that Plaintiffs do not premise their claims on the definition of the term 'Medicare AWP' . . . [and so] no court need ascribe any meaning to the term for either party to prevail).  Defendants fail to meet their burden of showing that the State's claim involves issues that are actually disputed or substantial enough for federal jurisdiction to exist, and so the case must be remanded.

## B.  Disturbing the Balance

Additionally, it may well be the case that taking cases such as this would "disturb the congressionally approved balance of federal and state judicial responsibilities," Grable 125 S.Ct. 2368.  Unlike in Grable, where very few foreclosure cases were likely to implicate a federal interest, here, as in Merrell Dow, a substantial number of state tort cases are likely to implicate a federal statute.  This might disturb the congressionally approved balance and lead to the clogging of the federal courts.

In fact, several courts addressing this precise issue have determined just that.  See Wisconsin v. Abbott Laboratories, 390 F.Supp.2d 815 (W.D. Wis. 2005); Minnesota v. Pharmacia Corp., 2005 U.S. Dist. LEXIS 27638 (D. Minn. 2005). At least two courts, however, have found to the contrary.  In one instance, the decision was distinguished from Wisconsin (and from Merrell Dow) on the grounds that a federal contract was involved.  See Santa Clara v. Astra, USA, Inc., 401 F.Supp.2d 1022, 1030 (N.D. Cal. 2005) ("The instant case is also distinct: it involves a federal contract whereas none was at issue in Wisconsin.  The instant case therefore has a higher quotient of federal interest. . . . [because this is] the type of task that already falls to federal courts.") Here, as in Wisconsin and Minnesota, no federal contract is at issue.

13

The other case to the contrary is <u>State of Arizona</u>, MDL No. 1456, Civ. No. 01-12257-PBS, Slip Opinion at 9-11.  There, Judge Saris  found that "granting federal jurisdiction in the case does not open the door to a horde [of cases]: the horde has already stormed the door."  <u>Id.</u>  While it may be that this particular horde has already stormed the door, the inquiry should rather focus on how many other hordes are gathered in wait on the horizon.  Allowing federal jurisdiction here, where only a federal standard is implicated, would likely lead to many other cases in unrelated matters being regularly removed to federal court. Adjudication of this type of case could well disturb the congressionally approved balance between federal courts and state courts, providing an additional grounds for remand.

<u>CONCLUSION</u>

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Remand be GRANTED.

DATE: Honolulu, Hawaii, October 27, 2007



 /s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>State of Hawaii  v. Abbot Labs., Inc.</u>; AMENDED FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED; CV No. 06-00437 DAE-BMK.