IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII, | ) | CV NO. 06-00437 DAE/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT DEY'S APPEAL OF MAGISTRATE'S
AMENDED ORDER AND ADOPTING MAGISTRATE'S AMENDED
<u>FINDING AND RECOMMENDATION</u>

On November 27, 2006, the Court heard Defendant Dey, Inc.'s

("Dey") Appeal of Magistrate Judge Barry M. Kurren's ("the Magistrate")

Amended Order denying Defendant's Motion For Leave to File a Supplemental

Notice of Removal ("Appeal") and Defendants' Objections to the Magistrate's

Amended Finding and Recommendation that Plaintiff's Motion to Remand Be

Granted ("Defendants' Objections"). Rick Eichor, Esq., appeared at the hearing on

behalf of Plaintiff, as well as Robert Libman, Esq., who was present via telephone;

Jeffrey Portnoy, Esq., and William Escobar, Esq., appeared at the hearing on behalf

of Defendants Dey and Mylan; Lisa Bail, Esq., with Jeff Galloway, Esq., appeared

at the hearing on behalf of Defendant Merck; Randolf Baldemor, Esq., appeared at the hearing on behalf of Defendant Ben Venue Laboratories and the Boehringer Defendants; Kimberly Koide, Esq., appeared at the hearing on behalf of Defendant Sandoz, Inc.; Edmund Saffery, Esq., appeared at the hearing on behalf of Defendant Novartis Pharmaceuticals, Inc.; Margery Bronster, Esq., appeared at the hearing on behalf of Defendant Pfizer and Pharmacia; Robert Harris, Esq., appeared at the hearing on behalf of Defendant Ivax Corp.; Kurt Fritz, Esq., appeared at the hearing on behalf of Defendant Schering-Plough Corp.; William McCorriston, Esq., and Elizabeth Robinson, Esq., appeared at the hearing on behalf of Defendant AstraZeneca, along with Carlos Pelayo, Esq., who was present via telephone; and Frederick Rohlfing, Esq., appeared at the hearing on behalf of the Watson Defendants and Defendants Alpharma and Purepac.   After reviewing the Appeal, Defendants' Objections, and the supporting and opposing memoranda, the Court DENIES Defendant Dey's Appeal and Defendants' Objections and ADOPTS the Magistrate's Amended Finding and Recommendation.

<u>BACKGROUND</u>

On August 10, 2006, Defendants filed a Notice of Removal from state court to federal district court on the ground that Plaintiff's claim to recover Medicare Part B co-payments under state tort laws raises a substantial federal

question under the federal laws related to Medicare.  Fifteen days later, Plaintiff filed a Motion to Remand on the basis that, inter alia, the action arises exclusively under state law, depriving this Court of federal jurisdiction.  While that Motion was pending, on October 11, 2006, Dey filed a Supplemental Notice of Removal ("Supplemental Notice") within 30 days after his counsel received delivery of a complaint that had been unsealed in the case, United States ex re. Ven-A-Care of the Florida Keys, Inc. v. Dey, Inc. et al., Civ. Action No. 05-11084-MEL (D. Mass.) (the "Federal Qui Tam Action").  That case was brought under the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq.  Defendant Abbott Laboratories, Inc., consented to the Supplemental Notice.

On October 27, 2006, the Magistrate issued an Order denying Dey's Supplemental Notice and issued a Finding and Recommendation granting Plaintiff's motion to remand, both of which were amended three days later for typographical errors ("Amended Order" and "Amended F&R," respectively).  In denying Dey's Supplemental Notice, the Magistrate found that allowing such a supplement would be futile because Dey failed to meet the procedural requirements for removal to federal court and, substantively, Dey lacked original jurisdiction.

In the Amended F&R, the Magistrate found that "Defendants [were] unable to meet their burden of showing that the meaning of the Medicare

-3-

provisions at issue are either actually disputed or substantial enough to create federal jurisdiction," as required by law.  The Magistrate concluded by stating that,

> [a]llowing federal jurisdiction here, where only a federal standard is implicated, would likely lead to many other cases in unrelated matters being regularly removed to federal court.  Adjudication of this type of case could well disturb the congressionally approved balance between federal courts and state courts, providing [] additional grounds for remand.

Accordingly, the Magistrate granted Plaintiff's Motion for Remand to state court.

On November 7, 2006, Dey appealed the Magistrate's Amended Order denying his Supplemental Notice, and, on November 14, 2006, Dey filed Objections to the Magistrate's Amended F&R.

## STANDARD OF REVIEW

### A.  Appeal of the Magistrate's Amended Order

Under Local Rule 74.1, "[a] district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See also Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc., 712 F.2d 1324, 1325 (9th Cir. 1983).  "For a magistrate's decision to be 'clearly erroneous,' the district court must have a 'definite and firm conviction that a mistake has been committed.'"  Conant v. McCoffey, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D.Cal. 1998) (citing Sana for Sana v. Hawaiian

Cruises, Ltd., 961 F. Supp. 236, 238 (D. Haw. 1997), rev'd on other grounds, 181

F.3d 1041 (9th Cir. 1999)).  "A decision is 'contrary to law' if it applies an

incorrect legal standard or fails to consider an element of the applicable standard."

Id.

### B.  Objections to the Magistrate's Amended F&R

Any party may serve and file written objections to proposed findings

and recommendations.  See 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2,

when a party objects to a magistrate judge's dispositive order, findings, or

recommendations, the district court must make a *de novo* determination.  A *de*

*novo* review means "the court must consider the matter anew, the same as if it had

not been heard before and as if no decision previously had been rendered."  U.S.

Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw.

1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate.'  The judge may also receive

further evidence or recommit the matter to the magistrate with instructions."

McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313

(9th Cir. 1981) (citation omitted); LR 74.2.

<u>DISCUSSION</u>

**A.  Appeal of the Magistrate's Amended Order**

Dey contends that the Magistrate's Amended Order denying its Supplemental Notice as "futile" was contrary to law, arguing that the procedural requirements for removal were satisfied under Federal Rules of Civil Procedure 15(c) ("Rule 15(c)") and/or under 28 U.S.C. § 1446(b) (1988) and that original jurisdiction exists under 31 U.S.C. § 3732(b) (1986).

1.  <u>Procedural requirements for removal</u>

Dey asserts that the procedural requirements for removal may be satisfied in two ways:  (1) by finding that the initial Notice of Removal constitutes a "pleading" under Rule 15(c), thus allowing an amendment or a supplement of that Notice to relate back to the date of the Notice, and/or (2) by finding that the Federal <u>Qui Tam</u> Action constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b) to permit supplementation within thirty days of receipt

a.  <u>"Pleading" under Rule 15(c)</u>

Dey cites out-of-district cases in support of the proposition that a notice of removal may constitute a "pleading" under Rule 15, thus permitting the Supplemental Notice to "relate back" to the original notice.  The cases cited, however, merely uphold the general rule that parties may amend pleadings under

Rule 15 to cure a technical defect in the jurisdictional allegation, namely, to allege

diversity of citizenship in full.  See, e.g., Grow Group, Inc. v. Jandernoa, No. 94

Civ. 5679, 1995 WL 60025, at *2-3 (S.D.N.Y. 1995) (permitting amendment of a

removal notice where the original notice did not allege complete diversity);

Kingman v. Sears, Roebuck & Co., 526 F. Supp. 1182, 1185 (D. Me. 1981)

("Matters of form and technical defects and even a defective statement of

jurisdictional grounds (in a removal petition) are subject to amendment under

(Fed.R.Civ.P. 15(a) and 28 U.S.C. s 1653)," thus allowing a notice of removal to

be amended to allege diversity) (citation omitted).); Handy v. Uniroyal, Inc., 298 F.

Supp. 301, 302, 305 (D. Del. 1969) (finding that "it is clear that both under 28

U.S.C. § 1653 and Rule 4(h), Fed.R.Civ.P., and possibly also under Rule 15(a), the

Court has the power to permit the defendant to amend its removal petition to cure a

defect in a purported jurisdictional allegation even though the time for the filing of

an original petition has expired").  By implication, the notices of removal were

considered "pleadings" under Rule 15, but only because defects in the notices were

present.

Notwithstanding, those cases do not stand for the blanket proposition

that all amendments to removal notices constitute amendments to "pleadings"

under Rule 15(c).  Here, Dey seeks to allege new grounds for removal, not to cure

-7-

existing grounds that were alleged defectively.[1]  This distinction is significant.

Allowing an amendment to relate back to an original removal notice when the

amendment is not alleging a new jurisdictional basis does not change the substance

of the removal.  It is merely correcting what was originally pled.  Making a

technical correction such as that does not give the parties multiple opportunities to

argue removal to federal court at any given time that a new ground arises.  Instead,

it simply clarifies removal in the first place.

If this Court were to adopt a rule that parties may amend or

supplement removal notices under Rule 15(c) any time that new grounds arise,

thereby permitting the amendment to "relate back" to the original notice, a flood of

state cases could be removed after states have expended significant time and efforts

litigating them in state court.  That situation would create undue hardship on

plaintiffs by having to re-litigate their cases in federal court and on the federal

courts from having an increased caseload and from having to get up to speed on

numerous cases post-removal.  This holds particularly true in a case like this where

numerous "sister" cases are lingering in state courts.  Accordingly, based on the

absence of law supporting Dey's position and the  policy arguments discussed, this

---

[1] Dey's other cases involve similar situations where the amendments were to cure defects, not to allege new grounds of removal as here.  See Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 301-01 (10th Cir. 1968); Meyers-Arnold Co. v. Maryland Cas. Co., 248 F. Supp. 140, 145-46 (D.S.C.1965).

Court cannot find that the Magistrate's ruling was contrary to law.[2]  Therefore, Dey

failed to satisfy the procedural requirement under Rule 15(c).

b. "Other paper" under 28 U.S.C. § 1446(b)

Because the Supplemental Notice does not relate back to the original

Notice of Removal under Rule 15(c), Dey must satisfy the requirement under 28

U.S.C. § 1446(b) to survive removal procedurally.  Under § 1446(b), a defendant

may remove a case  "within thirty days after receipt by the defendant, through

service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has

become removable."  28 U.S.C. § 1446(b) (emphasis added).  After that thirty day

period has expired, a notice of removal generally may not be amended to add a

separate basis for removal, except to correct a defective allegation.  See ARCO

Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Montana, 213

F.3d 1108, 1117 (9th Cir. 2000).

Dey argues that the Federal Qui Tam Action that was unsealed should

constitute an "other paper" under 28 U.S.C. § 1446(b), thus satisfying the

---

[2] Because this Court finds that, in this context, the notice of removal that Dey sought to amend in its Supplemental Notice was not a pleading within the meaning of Rule 15(c), this Court need not reach the issue of whether Dey's claim in its Supplemental Notice "ar[ises] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]"

procedural requirement under that statute.  Dey filed its Supplemental Notice on October 11, 2006, within 30 days of receiving the Federal <u>Qui Tam</u> Action on September 11, 2006.  Accordingly, if it constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b), then this requirement is met.

"Within the Ninth Circuit, the phrase 'other paper' has been interpreted as 'documents generated within the state court litigation[.]'" <u>Rose v. Beverly Health & Rehabilitation Servs., Inc.</u>, No. 1:06cv0067, 2006 WL 2067060, at *5 (E.D. Cal. 2006) (citations omitted).  The Federal <u>Qui Tam</u> Action is not within the state court litigation.  Furthermore, the two primary cases on which Dey relies to argue that "the order or other paper" requirement need only require some type of nexus with the intervening action are inapposite to the case at hand.  <u>See</u> <u>Green v. R.J. Reynolds Tobacco Co.</u>, 274 F.3d 263 (5th Cir. 2001); <u>Doe v. Am. Red Cross</u>, 14 F.3d 196 (3rd Cir. 1993).  As Plaintiff states in its Response to Dey's Appeal, both of those cases involved "(1) an intervening decision from a superior court; (2) that was binding on the court handling the removed state action; (3) and resolved a disputed question of law; (4) that was dispositive as to the question of federal jurisdiction at issue in the removed action."[3]  <u>See</u> <u>Doe</u>, 14 F.3d

---

[3] Dey further argues that the nexus in <u>Doe</u> and in <u>Green</u> is weaker than the one here by discussing cases that address <u>Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mnfg.</u>, 545 U.S. 308 (2005), which involved federal question jurisdiction.  That case has no bearing on the § 1446(b) analysis; thus, that argument is misplaced.

at 198 (involving an intervening decision that was an express authorization from the Supreme Court to remove the case from state to federal court); Green, 274 F.3d at 265 (finding that an intervening case that preempted certain state law constituted an "order" from which defendants could file a second removal notice, considering that state law had been preempted).

Additionally, in both of those cases, the courts limited their holdings to the narrow facts and circumstances involved.  See, e.g., Green, 274 F.3d at 267-68.  The Third Circuit in Doe found that a Supreme Court decision could constitute an "order" within the meaning of § 1446(b) and the Fifth Circuit in Green found that the preemption case could fall within the narrow scope of "order" only under the narrow circumstances involved in those cases.  See Doe, 14 F.3d at 202; Green, 274 F.3d at 268.  In fact, the Fifth Circuit acknowledged that "[m]ost other courts to address the issue have found court decisions in unrelated cases not to constitute 'orders' or 'other papers' under § 1446(b) and not to be grounds for removal," citing numerous cases in support.  Green, 274 F.3d at 266.  Consequently, those cases do little to advance Dey's argument.

Given the fact that the Federal Qui Tam Action does not resolve a matter of law that is controlling in this case and that there was no express authorization for removal from a superior court, there was a sufficient basis on

-11-

which the Magistrate could have found that the Federal <u>Qui Tam</u> Action did not

constitute an "order or other paper" within the meaning of 28 U.S.C. § 1446(b) to

permit removal.  Dey failed to satisfy the procedural requirement under that

statute; thus, the Magistrate's finding was not contrary to law.[4]

2. <u>Substantive basis for removal under 31 U.S.C. § 3732(b)</u>

Even if Dey had met the procedural requirements, its arguments still

would fail substantively.  Dey asserts that 31 U.S.C. § 3732 confers original

jurisdiction, not supplemental jurisdiction, contrary to the Magistrate's finding.[5]

<u>See also</u> 28 U.S.C. § 1441(a) (1948) (removal generally).  That statute provides:

"The district courts shall have jurisdiction over any action brought under the laws

of any State for the recovery of funds paid by a State or local government if the

action arises from the same transaction or occurrence as an action brought under

section 3730."  31 U.S.C. § 3732(b).

---

[4] Additionally, Dey argues that the Federal <u>Qui Tam</u> Action bars suit against it in state court.  Dey's argument is unclear.  It appears to argue that, even if the Magistrate read <u>Doe</u> and <u>Green</u> correctly to find that the "order or other paper" requirement "prohibit[s] suits against [Dey] in state court," the complaint in the Federal <u>Qui Tam</u> Action meets this requirement, thus prohibiting suit in state court.  Dey appears to be confused.  The Magistrate did not make any such finding.  He merely stated that the Federal <u>Qui Tam</u> Action "does nothing to prohibit suit against Dey in state court," as was the case in <u>Green</u> where preemption was involved.

[5] As Plaintiff notes, Dey does not dispute that supplemental jurisdiction cannot be a basis for removal, but only that the statute creates original jurisdiction.  <u>See</u> <u>Sygenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 34 (2002).

This Court disagrees with Dey and agrees with the Magistrate.   The Magistrate found that the language under that statute is "dependent, not independent."  (Amended Order at 13.)  This Court interprets that to mean that a state-initiated case founded on state law may be removed to federal court under 31 U.S.C. § 3732(b) only when that case may attach to a federal case that "arises from the same transaction or occurrence."  In other words, the state case may not be removed on its own merit, independent of the federal action, because removal of the state case "depends" on the existence of and the attachment to a similar federal case.  That interpretation of the statute is reasonable and is not contrary to law.

Next, the Magistrate found that the legislative history "allows – but does not force – states to intervene in FCA actions."  (Amended Order at 14.) Notably, the Magistrate pointed out that the National Association of the State Attorney's General urged this section to "allow[] State . . . governments to join State law actions with False Claims Act actions brought in Federal district court," citing S. Rep. No. 345, 99th Cong., 2nd Sess., at 16 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5281.  (Id.)  That statement suggests that states have discretion to remove cases to federal court by intervening in or attaching to actions brought in federal court.  It does not indicate that Congress intended to grant original

jurisdiction (or any discretion) to private parties to remove cases to federal court,

as Dey contends.

Dey points to no law that would contradict that conclusion. Dey first

cites a Louisiana case to support the idea that Congress intended to confer subject

matter jurisdiction on private parties under 31 U.S.C. § 3732(b). See U.S. ex rel.

La Corte v. Merck & Co. Inc., No. Civ. A. 99-3807, 2004 WL 595074 (E.D. La.

March 23, 2004). In that case, the State was the party seeking to intervene in a

federal case involving the same transactions and occurrences to recover

overpayments of state money for a drug. See id. at 7. That case is different from

the present situation where a private party, Dey, is seeking to remove the case to

federal court. Furthermore, Dey is not seeking to intervene in the federal case, but

rather wants to remove its case to federal court under original jurisdiction.

Dey also cites a Second Circuit case, which is equally inapplicable.

See U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd., 110 F.3d 861,

866 (2d Cir. 1997). That case dealt with subsection (a) of 31 U.S.C. § 3732, with

the Second Circuit finding that subsection (a) concerns venue not subject matter

jurisdiction. See id. It based that decision in part on its finding that 31 U.S.C.

§ 3732(b) deals with subject matter jurisdiction; thus, further indicating that

subsection (a) is not directed at jurisdiction, but rather is directed at venue. See id.

Nonetheless, the Second Circuit was not focused on the <u>type</u> of jurisdiction that subsection (b) confers, whether original or supplemental subject matter jurisdiction.  It merely was using the term "subject matter jurisdiction" to indicate that subsection (b) deals with jurisdiction, while subsection (a) deals with venue. Moreover, the term subject matter jurisdiction has been used to mean either original jurisdiction, such as federal question or diversity, or supplemental jurisdiction.  <u>See, e.g.</u>, <u>Mendoza v. Zirkle Fruit Co.</u>, 301 F.3d 1163, 1166 (9th Cir. 2002) (considering "the constitutionality of <u>supplemental subject matter jurisdiction</u> involving a party over whom there is no independent basis for federal court jurisdiction") (emphasis added).  Thus, we do not find either of those cases persuasive.

Moreover, the Magistrate points out that Congress could have placed "original jurisdiction" in the statutory language had it wanted it to create original jurisdiction under 31 U.S.C. § 3732(b), as it has in other statutes.  (<u>Amended Order</u> at 14-15.)  Dey makes the logical leap that, because the courts in <u>Am. Nat'l Red Cross v. S.G.</u>, 505 U.S. 247 (1992) and <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691 (2003) found that original jurisdiction may be had where the respective statutes did not expressly provide for it, original jurisdiction may be had under § 3732 because, presumably, the language under that section is equally

-15-

open-ended.  S.G., 505 U.S. at 247-48 (holding that the language "sue and be sued in courts of law and equity, State or Federal" in the Red Cross's federal charter conferred original jurisdiction); Breuer, 538 U.S. at 691 (reviewing language under 29 U.S.C. § 216(b) of the Federal Labor Standards Act that an action "may be maintained . . . in any Federal or State court of competent jurisdiction" and holding that that language did not bar removal to federal court).  This Court disagrees.  The language found in S.G. and Breuer specifically refer to the initial maintenance of suit in State or Federal Court, not the tacking on of a state suit to a federal action that "arises from the same transaction or occurrence," as required under 31 U.S.C. § 3732.

Additionally, Dey takes a narrow interpretation of supplemental jurisdiction, as codified at 28 U.S.C. § 1367, which authorizes federal courts to exercise supplemental jurisdiction over state law claims linked to federal claims. Because 31 U.S.C. § 3732 specifically refers to actions brought under state law that arise from the same transaction or occurrence as an action brought under 31 U.S.C. § 3730 (civil actions for false claims), the argument goes that the statute cannot be referring to supplemental jurisdiction.  That reading is unreasonably narrow, at best.  Whatever it is called, whether supplemental jurisdiction or otherwise, the point is that the statute requires another action to be brought under federal law to

which the state action can attach if it arises from the same transaction or

occurrence.  After undertaking a review of the language of the statute, the

legislative history, and the context in which it was enacted, the Magistrate

concluded that they all "indicate that [the statute] grants the district courts not

original jurisdiction, but supplemental jurisdiction."  This Court agrees and finds

that the Magistrate's conclusion is not contrary to law.

Finally, Dey's argument that it may remove this case under the

general federal question statute, 28 U.S.C. § 1331, is unrealistic.  As the Magistrate

commented, "[i]f Dey is correct, then all grants of supplemental jurisdiction would

also simultaneously be grants of original jurisdiction."  (Amended Order at 13.)

That result would lead this Court down a path that it does not care to travel.

### B.  Objections to the Magistrate's Amended F&R

Defendants object to the Magistrate's Amended F&R on three

grounds:  (1) the Amended F&R is at odds with the District Court of

Massachusetts' decision in In re Pharmaceutical Indus. Average Wholesale Price

Litigation v. Abbott Labs, Inc., No. 1456, 2006 WL 3019193 (D. Mass. October

24, 2006) ("In re Pharmaceutical"); (2) this Court should defer ruling on their

objections until after the Judicial Panel on Multidistrict Litigation ("JPML") has

made a final ruling on transfer of the case, which will occur on November 30,

2006; and (3) the Magistrate misapplied the test in <u>Grable & Sons Metal Prods.,</u>

<u>Inc. v. Darue Engineering & Mnfg.</u>, 545 U.S. 308 (2005).

"When a case is removed to federal court, there is a strong

presumption against federal court jurisdiction." <u>Opuna, LLC v. Sabbagh</u>, Civil No.

05-00488, 2006 WL 2374750, at *1 (D. Haw. Aug. 15, 2006); <u>see also</u> <u>Gaus v.</u>

<u>Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  The Ninth Circuit narrowly

construes the removal statute, 28 U.S.C. § 1441, against removal jurisdiction.  <u>See</u>

<u>Sabbagh</u>, 2006 WL 2374750, at *1.   The removing party, that is, Defendants,

always bears the burden of establishing federal jurisdiction.  <u>See</u> <u>Abrego Abrego v.</u>

<u>The Dow Chemical Co.</u>, 443 F.3d 676, 682-83 (9th Cir. 2006).  Courts should

resolve doubts of subject matter jurisdiction in favor of remand.  <u>See</u> <u>Sabbagh</u>,

2006 WL 2374750, at *1.

Preliminarily, this Court will not defer a decision on Defendants'

Objections because, in an Order filed on October 16, 2006, the Magistrate already

denied without prejudice Defendants' Joint Motion to Stay Proceedings Pending

Transfer by the JPML.  <u>See, e.g.</u>, <u>State v. Abbott Labs.</u>, 390 F. Supp. 2d 815, 819

(W.D. Wisc. 2005) (denying motion to stay under nearly identical facts).  The

Magistrate found that "[t]his is the best forum in which to resolve the jurisdictional

issues," and that, should Plaintiff's remand motion be denied, Defendants again

-18-

can file a motion to stay.  As Plaintiff's motion has not been denied yet and

Defendants did not appeal that Order, this argument is premature.

Next, Defendants have failed in their burden of proving removal.

There is a split between federal district courts on the issue of whether the meaning

of Average Wholesale Prices ("AWP") is actually disputed and substantial.

Defendants essentially argue that In re Pharmaceutical, decided on October 24,

2006, should be controlling, thus allowing removal; Plaintiff disagrees, relying on

other cases that found that remand was proper.   The test, as announced in Grable,

is whether a state-law claim raises a federal issue that is (1) "actually disputed" and

(2) "substantial," and, if so, (3) whether "a federal forum may entertain [the claim]

without disturbing any congressionally approved balance of federal and state

judicial responsibilities."  Grable, 545 U.S. at 314.

In In re Pharmaceutical, the District of Massachusetts applied the

3-part Grable test to hold that removal was warranted.  2006 WL 3019193, at *3-4.

 The court found that (1) the meaning of AWP was a "substantial federal issue that

properly belongs in federal court"; (2) it was "actually disputed" because

Defendants "protested that Congress understood that AWP did not represent the

actual costs that providers paid for drugs," and (3) interpretation of the term has

"national significance" that, if determined in federal court, would not disturb the

balance between federal and state courts.   2006 WL 3019193, at *3-4.  The court

recognized that other district courts have reached contrary conclusions, but it failed

to distinguish those decisions or to provide any rationale as why it took a different

approach.  See id. at *4.

   This Court does not find that case compelling; rather, this Court is in

agreement with the "other district courts" from which the District of Massachusetts

strayed.  See, e.g., Abbott Labs., 390 F. Supp. 2d at 822-24 (remanding a similar

AWP/Medicare claim on the basis that removal would disturb the balance struck

by Congress between federal and state courts); Pennsylvania v. Tap

Pharmaceutical Prods., Inc., 415 F. Supp. 2d 516, 525-26 (E.D. Pa. 2005)

(remanding on the ground that AWP is not "actually disputed and substantial").

Significantly, "AWP is no longer the standard for reimbursement under Medicare."

Tap Pharmaceutical, 415 F. Supp. 2d at 525; see also In re Pharmaceutical, 2006

WL 3019193, at *1 ("As of January 1, 2005, the reimbursement rate [under the

Medicare statute] no longer depends upon AWP.")  Interpretation of the term AWP

is only significant as it relates to states' reimbursement formulas, many of which,

including Hawaii's, rely on the AWP as a standard for reimbursement of state

Medicare and Medicaid programs.  See In re Pharmaceutical, 2006 WL 3019193,

at *1; Abbott Labs., 390 F. Supp. 2d at 817; Tap Pharmaceutical, 415 F. Supp. 2d

at 519.  Therefore, as the Magistrate aptly stated, while AWP may be "a substantial

issue for the parties, it is no longer a substantial issue for the federal government."

Nor is the term AWP "actually disputed" as contemplated in <u>Grable</u>.

545 U.S. at 311 (examining a claim that rested on the meaning of "notice" in the

federal tax law).  The crux of Plaintiff's claim, as stated in its Complaint, is that

Defendants have "submitted false claims and engaged in unfair or deceptive acts or

practices in the sale, pricing and marketing of their prescription drug prices," in

contravention of state common law and statutes.  Even if the exact definition of

AWP is disputed in a nominal way, as the Magistrate found, it is not "actually

disputed," within the context of <u>Grable</u>, in that it is not the primary focus of the

Complaint, but merely is a peripheral issue.  The Complaint primarily rests on tort

claims under state law, not the interpretation of a term that is not of value anymore

under federal law.  Thus, however much Defendants might differ in the precise

meaning of that term, they have failed to show that the term is "actually disputed."

Because the term AWP is neither substantial nor actually disputed to

permit removal, this Court need not touch on the balance of judicial responsibilities

between state and federal courts, except to note the concern in <u>Abbott Labs.</u> that to

allow removal to federal court would cause a "significant disruption in the division

of labor between federal and state courts," given the number of cases that states

have filed in related matters.  390 F. Supp. 2d at 823.  Thus, remand properly was granted.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant Dey's Appeal and Defendants' Objections and ADOPTS the Magistrate's Finding and Recommendation in all respects and orders this matter remanded to state court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2006.



_____
David Alan Ezra
United States District Judge

State of Hawaii vs. Abbott Laboratories, Inc., et al., Civil No. 06-00437
DAE/BMK; ORDER DENYING DEFENDANT DEY'S APPEAL OF
MAGISTRATE'S AMENDED ORDER AND ADOPTING MAGISTRATE'S
AMENDED FINDING AND RECOMMENDATION